IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00372-PAB-CBS

DEBORAH MARTINEZ,

    Plaintiff,

v.

ADAMS COUNTY SCHOOL DISTRICT 14,
LYNN HEINTZMAN, in her individual capacity,
PHIL BEDFORD, in his individual capacity,
HOLLENE DAVIS, in her individual capacity, and
SUE CHANDLER, in her individual capacity.

    Defendants.

## STIPULATED PROTECTIVE ORDER

PURSUANT TO F.R.Civ.P. 26(c), IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT that the following provisions concerning confidential treatment of documents, answers to interrogatories, or requests for admission produced by the Plaintiff or Defendant, or answers to deposition questions, or other responses to discovery requests, including inspections of tangible items, shall apply in the above-captioned matter.

1.    Documents, answers to interrogatories, responses to requests for admissions, appropriate portions thereof or other responses to discovery requests, which are to be treated as confidential because they reflect (a) a trade secret; (b) confidential research, development, or commercial information; (c) confidential personal or financial information; or, (d) confidential student information or records shall be designated by the producing, party as "**CONFIDENTIAL**."  This designation shall be made by stamping the word "**CONFIDENTIAL**" in ink on the copy of each confidential document or portion thereof produced to opposing parties by the producing party.  In any instance where such stamping is not feasible, the parties shall agree upon a reasonable substitute indication of confidentiality.  One such indication is a written letter to opposing counsel identifying confidential documents with reasonable particularity.  Such documents, answers, portions of answers or responses shall be treated as confidential under and subject to

1

the provisions of this Order. Confidential information shall include:

*The term "Confidential Information" means information in written, oral, electronic or other form, whether it be a document; a portion of a document; correspondence; information contained in or derived from a document; information revealed during a deposition; an affidavit; expert reports; legal briefs or memoranda; trial or hearing testimony; arbitration; information revealed in responding to a discovery request, such as answers to interrogatories and responses to requests for admission; related information; information disclosed pursuant to the disclosure or discovery obligations created by the rules of civil procedure:* **that a party or person believes, in good faith, reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), including student's personal information deemed confidential under applicable federal and state statues, including, but not limited to the Federal Educational Rights and Privacy Act ("FERPA"); patient health information deemed confidential under applicable federal and state statutes, rules regulations, and common law principles, including, without limitation, the privacy and security provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations; financial or tax information of the parties; or information that implicates common law and statutory privacy interests of (a) current or former Adams 14 School District employees, and (b) current or former Adams 14 School District students. See, e.g., 22 U.S.C. § 1232g and 34 C.F.R. § 99.3 (concerning disclosure of personally identifiable information regarding students); section 24-72-204(3)(a)(II)(A), C.R.S. (concerning disclosure of personnel records); and sections 19-1-304(1)(a) and (b.5), C.R.S. (concerning disclosure of juvenile delinquency records and arrest and criminal records information).**

*Confidential Information shall not include any and all public records or information that is accessible to or by the public.*

2. All answers to interrogatories, requests for admission. documents, or other responses to discovery requests or portions thereof, designated "CONFIDENTIAL" in accordance with this Order, and the information obtained, derived or generated from confidential material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post trial litigation in connection

with the above captioned action.

3. Confidential documents, pleadings and information may be disclosed to the following classes of persons (collectively "Recipients"):

(A) The parties and the counsel of record for the parties and members or associates of the firms;

(B) The non-technical, clerical, or paralegal staff employed by counsel referred to in the preceding subparagraph:

(C) Independent experts and/or consultants retained by counsel to assist in this litigation;

(D) Any person or entity designated as author, addressee, or recipient of such document: and

(E) Any person or entity to whom the document itself indicates that the information therein was previously communicated;

(F) The Court and its employees;

(G) Deponents;

(I) Witnesses or potential witnesses.

4. No Deponents shall retain a copy of any Confidential documents from this lawsuit except for review during his or her deposition or during review of the deposition for accuracy.

5. No witnesses or potential witnesses shall retain a copy of any Confidential document from this lawsuit. A witness or potential witness is allowed to review a copy of any Confidential documents in the physical presence of counsel for one of the named parties who is responsible for ensuring that the Confidential documents remain confidential. The witness or potential witness shall not receive a copy of the document after his or her review

The persons identified in subparagraph (C) of paragraph 2 above must execute an affidavit in the form set forth in Exhibit A attached hereto prior to the receipt of any confidential documents or information.

6. Counsel disclosing documents or information to persons specified in subparagraph (C) of paragraph 2 above shall retain the affidavits executed by such persons until the conclusion of this litigation or otherwise as this Court may order. The Court may direct disclosing counsel to produce affidavits at any time upon a showing of good cause.

7. No Recipient shall photocopy or otherwise retain any facsimile, summary, or synopsis of any confidential documents or information other than for use solely for the purposes of this litigation. Within 60 days from the date of entry of a final judgment or order of dismissal in this litigation, each Recipient shall return to counsel for the producing party any and all copies of the confidential documents and information and any notes, memoranda, reports, transcripts, exhibits, or other documents referring to or relating to such confidential documents or information, excluding attorney work product, or certify that such documentation and information has been destroyed.

8. During any deposition, confidential documents, answers to interrogatories or requests for admission, or prior hearing or deposition transcripts may be disclosed to any deponent or witness who is a Recipient as defined herein. Deponents may likewise be asked to disclose confidential information which is within their knowledge. In the event confidential documents or information are used, disclosed or elicited during any deposition, counsel shall designate during the deposition the documents and information, and all portions of the deposition transcripts which refer to such documents and information, as "CONFIDENTIAL" pursuant to the provisions of this Order. Portions of depositions shall be designated as "CONFIDENTIAL" by a statement on the record at the deposition by counsel that the testimony is confidential and subject to the provisions of this Order. In the event that such a designation is made, the portion of the deposition subject to the confidential designation may be attended by the deponent, any Recipients otherwise entitled to attend, and the appropriate court or deposition reporters. The deponent or court or deposition reporter in attendance at such deposition shall be subject to all restrictions and obligations applicable to Recipients.

9. In addition to the procedure described in the preceding paragraph, a party may designate a portion of a deposition as confidential within ten (10) days after receipt of the deposition transcript. This designation shall be made by delivery to trial counsel in this case of a written notice of the designation,

identifying the deposition and specifying by page and line the portions designated as confidential. Portions of depositions designated in accordance with this paragraph shall be subject to the same restrictions as portions contemporaneously designated in accordance with the preceding paragraph. The failure of a party to contemporaneously designate a portion of a deposition as confidential in accordance with the preceding paragraph shall not constitute a waiver of any claim that the information constitutes a trade secret or other confidential research, development, personal, financial or commercial information, provided that the portion of the deposition is timely designated in accordance with this paragraph. However, no person or party shall he subject to any sanction under this Order arising from the use or disclosure, prior to receipt of the written designation, of deposition testimony not previously designated under the terms of paragraph 6.

      10. If at any time a party objects to a designation of a document, interrogatory answer, or response to request for admission, or a portion of a deposition as "CONFIDENTIAL", the objecting party shall notify the designating party and the parties involved within 10 calendar days. The parties shall attempt to resolve their differences through negotiation. Thereafter, the objecting party or persons shall move the Court for a prompt ruling that the document or information is not confidential. The document shall be treated as confidential until a ruling by the Court.

      11. In the event that counsel for a party deems it necessary to disclose any information that a producing party has designated "CONFIDENTIAL" to any person not specified in paragraph 2 above, said counsel shall notify counsel for the producing party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

      12. Unless otherwise agreed to in writing by the parties or ordered by the Court all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

      13. Any party may use confidential documents or information in any affidavit, brief, memorandum of law, or other document filed in this litigation. Any documents utilizing these materials or

information shall be filed in a sealed envelope with the Court marked "CONFIDENTIAL - Subject to Protective Order in Civil Action No. 09-cv-02243-R PM " and shall be maintained under seal by the Court, unless otherwise agreed to by the parties in writing, or ordered unsealed by the court.

14. Nothing herein shall prevent disclosure beyond the terms of this Order if (a) the producing party of confidential information consents in writing to such disclosure, or (b) such disclosure is otherwise required by a lawful subpoena or order issued by a court of competent jurisdiction, or (c) this Court, after notice to all affected parties, orders such disclosure.

15. Nothing contained in this Order shall affect the right of any party to make objections or other responses permitted by the Federal Rules of Civil Procedure to any request for production of documents, interrogatory, request for admission, or question at a deposition, except matters of confidentiality which this Order has addressed. Nothing in this Order shall constitute a ruling on any such claim.

16. This Order is entered pursuant to F.R.Civ.P. 26(c). The protections afforded pursuant to this Order are continuing. No confidential information shall he disclosed in violation of this Order either during or after this litigation.

Agreed and stipulated this ___ day of _____, 2011.

| Colorado Education Association | GORDON & REES, LLP |
|---|---|
| /s/ Cathy L. Cooper<br>Cathy L. Cooper, Esq.<br>1500 Grant Street<br>Denver, Colorado 80203<br>Telephone - 303-837-1500<br>Facsimile - 303-861-2039<br>Email - ccooper@nea.org<br>**Attorney for Plaintiff** | /s John D. Keen<br>Lawrence L. Lee<br>John D. Keen<br>555 17th Street, Suite 3400<br>Denver, Colorado 80202<br>Phone: 303-534-5160; Fax: 303-534-5161 Email:<br>llee@,gordonrees.com<br>**jkeen@gordonrees.com**<br>**Attorneys for Defendants** |

DATED at Denver, Colorado, this 20th day of September 2011September, 2011.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A

STATE OF _____ )
                                    ) ss.
COUNTY OF _____ )

I, being first duly sworn, state that:

1. My address is _____

2. My present employer is _____, and the address of my employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order in this case (*i.e* 11-cv-00372-PAB-CBS, MARTINEZ v. ADAMS COUNTY SCHOOL DISTRICT 14 *et al.*) signed by the U.S. District Court - Colorado.

5. I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated information or any words, substances, summaries, abstracts or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained.

_____

Subscribed and sworn to before me this ___ day of _____, 2011, by _____, Notary Public.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires:

ADAMS/1067362/10411253v.1

8